UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David McGee,

    Plaintiff,

v.                                                     Civil Action No. 1:10-CV-11

Andrew Pallito, et al,

    Defendants.

## REPORT AND RECOMMENDATION
(Docs. 92 and 94)

Pending before the Court are two motions pertaining to service of Defendant Michael Simonds. The first is Plaintiff David McGee's Motion for Appointment of United States Marshal to Effect Service (Doc. 92), in which McGee, a Vermont inmate, explains that he only recently discovered the correct spelling of Defendant Simonds' last name. Defendant Simonds' name was originally spelled "Simons," without the "d," in the Complaint. (Doc. 7 at 1.) The second motion, filed by Defendant Simonds (Doc. 94), asks the Court to dismiss the claims against him for lack of timely service. Simonds acknowledges McGee's most recent motion, but argues that McGee has failed to show good cause for untimely service.

For the reasons set forth below, McGee's motion (Doc. 92) is construed as a motion for extension of time to effect service pursuant to Fed. R. Civ. P. 4(m), and the motion is GRANTED. Correspondingly, I recommend that Officer Simonds' motion to dismiss for lack of timely service (Doc. 94) be DENIED.

McGee filed his Complaint in this case on January 15, 2010, and waivers of service were issued to counsel for Defendants. On June 11, 2010, the waiver for Defendant Simonds, issued to Correctional Officer "Simmons," was returned unexecuted. (Doc. 11 at 1.) A letter from the Vermont Attorney General's Office to the Marshals Service explained that there was no record of either a "Simons" or a "Simmons" employed as at the prison facility in question. (*Id.* at 2.) There is no indication that McGee was copied on the letter.

In his latest filing, McGee states that "[a]fter speaking with several inmates who have also been held at the [Southern State Correction Facility] and cross-referencing the name in the law library's newly received Vermont State Employees Directory, Plaintiff recently learned that the individual he referred to as 'Correctional Officer Simons' in the Complaint is, in fact, Correctional Officer Michael Simon**d**s." (Doc. 92 at 2.) In response, Defendant Simonds contends that McGee's statements "suggest that he [did not] spen[d] any portion of the past twenty-one months attempting to cure the defect in his original filing, but rather that he surreptitiously came upon the source of his error recently and chose to correct it." (Doc. 94 at 3.)

As stated above, the Court construes McGee's motion for service as a request for extension of time under Rule 4(m). *See, e.g., Johnson v. Skolski*, 2007 WL 141961, at *4 (E.D. Mich. Jan. 16, 2007); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Rule 4(m) requires that service of a summons and complaint be made within

120 days of issuance of the summons.  *See* Fed. R. Civ. P. 4(m).  Where a plaintiff can demonstrate good cause for his failure to effect service within 120 days, a court shall extend the time for service.  *Id.*  "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay."  *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

The Second Circuit has also held that even if no good cause is shown, it is within the discretion of the district court to grant additional time.  S*ee Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Fed. R. Civ. P. Advisory Committee's Notes).  When determining whether a discretionary extension is appropriate in the absence of good cause, courts consider the following four factors:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006); *see also DeLuca*, 695 F. Supp. 2d at 66.

Here, McGee is entitled to a discretionary extension of time.  First, some of his claims date back to 2007.  The applicable limitations period for Section 1983 actions in this Court is three years.  *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989) (holding that

3

the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); 12 V.S.A. § 512(4) (establishing three-year limitations period for personal injury actions).  Accordingly, the statute of limitations could conceivably bar re-filing.

While the second and third considerations do not weigh clearly in favor of an extension of time, they also do not weigh heavily against one.  As to knowledge of the Complaint, the State and Simonds' counsel, if not Officer Simonds himself, have had notice of this action since papers were delivered to the Office of the Attorney General in 2010.  Furthermore, while Defendants have not actively concealed Officer Simonds' identity, they did fail to notify the Marshals that Officer Simonds, and not Officer "Simons," was employed at the facility in question.  "The inability of an incarcerated *pro se* civil rights litigant to spell a defendant's name correctly – despite a plethora if indicia as to whom the named defendant refers – does not justify the dismissal of the complaint against that defendant."  *McGuckin v. Smith*, 974 F.2d 1050, 1057 (9th Cir. 1992), *overruled on other grounds by WMG Techs., Inc. v. Miller*, 105 F.3d 1133, 136 (9th Cir. 1997).

Finally, prejudice to Officer Simonds will be minimal.  Procedurally, this case is still in the earliest stages, as a lengthy motion to dismiss was only recently decided.  No answers have been filed, and there has been no discovery.  Accordingly, service at this time will not place Officer Simonds at any sort of disadvantage.

The cases relied upon by Officer Simonds in his motion to dismiss are easily distinguished.  In *Torres v. Carry*, 2011 WL 3444340, at *8 (S.D.N.Y. Aug. 4, 2011),

discovery had been completed and the case was at the summary judgment stage. Other cited cases include unpublished summary orders, where plaintiffs were represented by counsel and either failed to show good cause, *Carl v. City of Yonkers*, 348 F. App'x 599, 601 (2d Cir. 2009), or were alerted of the ineffective service and failed to take corrective action in a timely manner. *Johnson v. New York City Bd. Of Educ.*, 23 Fed. App'x 70, 72 (2d Cir. 2001).

Here, the plaintiff is a *pro se* inmate who, because he is incarcerated, has little ability to investigate the true name or spelling of a given defendant. There is no indication that, once he discovered his error, McGee delayed filing his motion with the Court. Because, for the reasons set forth above, an extension of time is in the interest of justice, McGee's motion (Doc. 92) is GRANTED. For those same reasons, I recommend that Officer Simonds' motion to dismiss for failure to serve (Doc. 94) be DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 20th day of December, 2011.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See Fed. R. Civ. P. 72(a); Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).